# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:13-CR-00088-JCB** |
| **v.** § | |
| § | |
| § | |
| § | |
| **KERRY LYNN SANDERS,** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 2, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kerry Lynn Sanders. The government was represented by Bryan Jiral, Special Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Greg Waldron, Holmes & Moore, P.L.L.C.

Defendant originally pled guilty to the offense of Possession of a Stolen Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 120 months. The United States Sentencing Guideline range, based on total offense level of 23 and criminal history category of VI, was 92 to 115 months. On April 16, 2014, District Judge Leonard E. Davis of the Eastern District of Texas sentenced Defendant to 120 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100 special assessment. On September 24, 2021, Defendant completed his term of imprisonment and began his term of supervision.

Under the terms of supervised release, Defendant was required to report to his probation officer and submit a truthful and complete written report within the first five days of each month.

In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release by failing to submit a truthful and complete written report for August 2022. Under the terms of supervised release, Defendant was also required to answer truthfully all inquiries by his probation officer and follow his probation officer's instructions. In Allegation 3 of its petition, the government alleges that Defendant violated this condition by failing to report to the U.S. Probation Office on September 22, 2022, as instructed.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to submit a truthful and complete written report to his probation officer and failing to report to the U.S. Probation Office, Defendant will have committed Grade C violations. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a)

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegations 2 and 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of eighteen months imprisonment with no supervised release to follow, an upward departure from the Guideline imprisonment range.  To support such an upward departure, the parties pointed to a portion of the petition alleging that defendant was arrested in September 2022 on two state felony charges. Defendant is being prosecuted or likely will be prosecuted on these charges.  The Guideline imprisonment range related to these new Grade A state law violations is 33 to 41 months, although the statutory maximum is 24 months. The parties agreed to a compromise where the government agreed to forego the new law violations in the petition while Defendant agreed to an upward departure related to the Grade C violations discussed above.

Having considered the parties' agreement and for the reasons expressed herein, the court finds an upward departure appropriate.

The court therefore **RECOMMENDS** that Defendant Kerry Lynn Sanders's plea of true be accepted and that he be sentenced to eighteen months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FCI El Reno, Oklahoma. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of November, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE